**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| MICHAEL TERRY, : | |
| INMATE NO. 404344, : | PRISONER HABEAS CORPUS |
|     Plaintiff, : | 28 U.S.C. § 2254 |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:07-CV-1304-RWS |
| STATE OF GEORGIA and : | |
| THURBERT BAKER, : | |
|     Defendants. | |

**ORDER AND OPINION**

Plaintiff has submitted the instant pro se civil rights complaint. The matter is presently before this Court for a 28 U.S.C. § 1915A frivolity screening.

I.    The Standard of Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is either: (1) frivolous, malicious or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint

may be dismissed for failure to state a claim when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Brower v. County of Inyo, 489 U.S. 593, 597 (1989).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by a person acting under color of state law. Id. If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of the claim, then the complaint is subject to dismissal, pursuant to 28 U.S.C. § 1915A. See Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1974 (2007) (more than merely "conceivable," a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face"); Papasan v. Allain, 478 U.S. 265, 286 (1986) (the court accepts as true the plaintiff's factual contentions, not his or her legal conclusions that are couched as factual allegations); Bolin v. Story, 225 F.3d 1234, 1243 (11th Cir. 2000) (district court correctly dismissed § 1983 claims for failure to assert any specific

2

misconduct against IRS agent); Beck v. Interstate Brands Corp., 953 F.2d 1275, 1276 (11th Cir. 1992) (the court cannot read into a complaint non-alleged facts).

II.     Discussion

Plaintiff raises several challenges related to being indicted for six counts of murder. (Doc. 1 at ¶¶ IV-V). These challenges include allegations concerning the validity of the indictment, false police reports, withholding of exculpatory evidence, and ineffective assistance of counsel. (Id.). As relief, Petitioner asks this Court to order (1) a federal investigation in order to discover the truth of his allegations, (2) monetary compensation for false imprisonment, (3) he be provided with due process, and (4) ultimately rule that the indictment for six counts of murder was "illegal." (Id. at ¶ V).

While Plaintiff does not provide details of his criminal convictions, he previously filed a federal habeas corpus petition in this Court which contained more information. See Terry v. Smith, Civil Action No. 1:05-CV-2986-RWS. (N.D. Ga. Jan. 13, 2006). Pursuant to two jury trials held on February 19, 1987, and April 15, 1988, in the Superior Court of Fulton County, Plaintiff was convicted of three counts of murder and received a life sentence for each

conviction. Id. at p. 2 of Doc. 2.  In June of 1988, Petitioner pled guilty to three counts of murder and received his fourth life sentence.  Id. at p. 3.

Plaintiff's previous habeas corpus action was dismissed for being filed long after the statutory one-year limitation period, set forth in 28 U.S.C. § 2244(d)(1), had expired.  Terry, Civil Action No. 1:05-CV-2986-RWS at Docs. 2, 4-5.

Perhaps in an attempt to avoid the one-year limitation period, Plaintiff now seeks relief via a 42 U.S.C. § 1983 civil rights action.  However, for several reasons, Plaintiff has failed to state a claim upon which relief may be granted.

First, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody."  Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).  The proper method for attacking a prisoner's unconstitutional confinement is through a writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254, not a civil suit brought pursuant to 42 U.S.C. § 1983.  Id. at 500. Importantly, release from custody is not an available remedy in a civil rights action.  Preiser, 411 U.S. at 479.

While Plaintiff does not explicitly state that he seeks his release, he is challenging the constitutionality of his convictions and believes a federal

4

AO 72A
(Rev.8/82)

investigation will produce evidence to support his alleged constitutional errors. A ruling by this Court finding that Plaintiff's convictions violated federal law would most likely result in his release. <u>Preiser</u> prohibits this Court from inquiring into the validity of Plaintiff's convictions and ordering his release via a civil rights action.

Further, this action should not be re-styled as a federal habeas corpus petition. Plaintiff has previously been denied habeas corpus relief by this Court. Pursuant to 28 U.S.C. § 2244(b)(1), a "claim presented in a second or successive habeas corpus application under section 2254 . . . shall be dismissed." Title 28 U.S.C. § 2244(b)(3)(A) requires a habeas corpus petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive habeas corpus] application." <u>See also</u> <u>Fugate v. Dep't. of Corrections</u>, 301 F.3d 1287, 1288 (11th Cir. 2002) ("The district court lacked jurisdiction to consider Fugate's claim because he had not applied to this court for permission to file a successive [habeas corpus] application."). Thus, until such time as the Eleventh Circuit Court of Appeals grants Plaintiff permission to file a second or successive federal habeas corpus petition, this Court is without jurisdiction to review his murder convictions.

5

With regard to Plaintiff's request for money damages for false imprisonment, the Supreme Court has held that a plaintiff must first show that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254 before he can recover damages in a § 1983 claim for an alleged unconstitutional conviction or imprisonment. Heck v. Humphrey, 512 U.S. 477, 486-487 (1994); Uboh v. Reno, 141 F.3d 1000, 1004, (11th Cir. 1998) (relying on Heck to find that an allegation of malicious prosecution or false imprisonment does not state an actionable claim until the "criminal prosecution that gives rise to the action has terminated in favor of the accused").

In summary, Plaintiff's claims related to the constitutionality of his convictions may not be reviewed by this Court until the Eleventh Circuit Court of Appeals has granted him permission to file a second or successive habeas corpus petition. Plaintiff's request for money damages for false imprisonment cannot be granted because his convictions have not been overturned. Accordingly, this action should be dismissed.

6

III.   Conclusion

**IT IS ORDERED** that the instant civil rights action [Doc. 1] is **DISMISSED**, pursuant to 28 U.S.C. § 1915A.  For the purpose of dismissal only, Plaintiff's request for leave to file this action in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS SO ORDERED**, this   25th   day of June, 2007.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

7

AO 72A
(Rev.8/82)